# MOTION UNDER 28 U.S.C. § 2255 TO VACATE, SET ASIDE, OR CORRECT
# SENTENCE BY A PERSON IN FEDERAL CUSTODY

| United States District Court | District Middle District of North Carolina |
|---|---|
| Name (under which you were convicted):<br>Cleve Alexander Johnson | Docket or Case No.:<br>1:08-cr-00233-TDS-1 |
| Place of Confinement:<br>FCI McDowell; P.O. Box 1009; Welch, WV 24801 | Prisoner No.:<br>22406-051 |
| UNITED STATES OF AMERICA<br><br>v. | Movant (include name under which you were convicted)<br>Cleve Alexander Johnson |

FILED
JUN 0 2012

## MOTION

1. (a) Name and location of court that entered the judgment of conviction you are challenging:

   United States District Court for the Middle District of North Carolina, Greensboro Division

   (b) Criminal docket or case number (if you know): 1:08-cr-00233-TDS-1

2. (a) Date of the judgment of conviction (if you know): 9/1/2009

   (b) Date of sentencing: 8/18/2009

3. Length of sentence: 200 months

4. Nature of crime (all counts):

   Count One: Conspiracy to distribute methamphetamine; Count Two: attempt to possess with intent to distribute methamphetamine

5. (a) What was your plea? (Check one)

   (1) Not guilty ☑    (2) Guilty ☐    (3) Nolo contendere (no contest) ☐

   (b) If you entered a guilty plea to one count or indictment, and a not guilty plea to another count or indictment, what did you plead guilty to and what did you plead not guilty to?

   na

6. If you went to trial, what kind of trial did you have? (Check one)    Jury ☑    Judge only ☐

7.  Did you testify at a pretrial hearing, trial, or post-trial hearing?  Yes ☐  No ☑

8.  Did you appeal from the judgment of conviction?  Yes ☑  No ☐

9.  If you did appeal, answer the following:

    (a) Name of court:  Fourth Circuit Court of Appeals

    (b) Docket or case number (if you know):  09-4837

    (c) Result:  Affirmed.

    (d) Date of result (if you know):  1/31/2011

    (e) Citation to the case (if you know):  uk

    (f) Grounds raised:

    (1) insufficiency of the evidence; (2) sleeping juror; (3) disparity between methamphetamine and powder cocaine sentences.

    (g) Did you file a petition for certiorari in the United States Supreme Court?  Yes ☑  No ☐

       If "Yes," answer the following:

       (1) Docket or case number (if you know):  10-10265

       (2) Result:

       Denied

       (3) Date of result (if you know):  5/31/2011

       (4) Citation to the case (if you know):  uk

       (5) Grounds raised:

       Insufficiency of the evidence; sleeping juror; and meth and powder cocaine disparity.

10. Other than the direct appeals listed above, have you previously filed any other motions, petitions, or applications concerning this judgment of conviction in any court?

    Yes ☐  No ☑

11. If your answer to Question 10 was "Yes," give the following information:

    (a) (1) Name of court:  na

        (2) Docket or case number (if you know):  na

        (3) Date of filing (if you know):

(4) Nature of the proceeding:  na

(5) Grounds raised:

   na

(6) Did you receive a hearing where evidence was given on your motion, petition, or

application?    Yes ❏  No ❏

(7) Result:  na

(8) Date of result (if you know):

(b) If you filed any second motion, petition, or application, give the same information:

   (1) Name of court:  na

   (2) Docket or case number (if you know):  na

   (3) Date of filing (if you know):

   (4) Nature of the proceeding:  na

   (5) Grounds raised:

      na

(6) Did you receive a hearing where evidence was given on your motion, petition, or

application?    Yes ❏   No ❏

(7) Result:  na

(8) Date of result (if you know):

(c) Did you appeal to a federal appellate court having jurisdiction over the action taken on your

motion, petition, or application?

   (1) First petition:     Yes ❏   No ❏

   (2) Second petition:    Yes ❏   No ❏

(d) If you did not appeal from the action on any motion, petition, or application, explain briefly why you did not:

na

12. For this motion, state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States. Attach additional pages if you have more than four grounds. State the <u>facts</u> supporting each ground.

### GROUND ONE:

Ineffective assistance of counsel pretrial.

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

(1) Counsel failed to move to suppress the warrantless search of Petitioner's vehicle, even though Petitioner informed counsel that the search was without probable cause and that he did not give permission. As the Court is well aware, once a person has been separated from his vehicle and cannot access that vehicle, a warrantless search is illegal without consent. Had counsel raised this issue, there is a reasonable probability that the fruits of the search would have been suppressed. (2) Counsel failed to negotiate for a plea agreement or inform Petitioner of the risks associated between proceeding to trial versus pleading guilty, even though Petitioner asked counsel about the possibility of pleading guilty and informed counsel that he was willing to plead guilty to a fair sentence. Had Petitioner been informed of the risks associated between proceeding to trial and pleading guilty, or that by pleading guilty he was eligible for an acceptance of responsibility reduction, Petitioner would have insisted on pleading guilty with or without a plea agreement. As seen by co-defendant Melvin Johnson's judgment, a sentence of approximately 78 months would have been available.

(b) **Direct Appeal of Ground One:**

(1) If you appealed from the judgment of conviction, did you raise this issue?

Yes ☐ No ☑

(2) If you did not raise this issue in your direct appeal, explain why:

Ineffective assistance of counsel.

(c) **Post-Conviction Proceedings:**

(1) Did you raise this issue in any post-conviction motion, petition, or application?

Yes ☐ No ☑

(2) If your answer to Question (c)(1) is "Yes," state:

Type of motion or petition: na

Name and location of the court where the motion or petition was filed:

na

Docket or case number (if you know): na

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

na

(3) Did you receive a hearing on your motion, petition, or application?

Yes ❑   No ❑

(4) Did you appeal from the denial of your motion, petition, or application?

Yes ❑   No ❑

(5) If your answer to Question (c)(4) is "Yes," did you raise this issue in the appeal?

Yes ❑   No ❑

(6) If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

na

Docket or case number (if you know): na

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

na

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue:

na

**GROUND TWO**:

Ineffective assistance of counsel during trial.

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

(1) Counsel failed to properly challenge the admission of Petitioner's statements to the CI and following his arrest. Neither statement was probative or relevant to the charges. As such, the argument at the district level and on appeal should have been that the statements were prejudicial to Petitioner in the eyes of the jury. (2) Counsel failed to properly argue the Rule 29 motion, as well as closing arguments. The only evidence for Count One was the alleged sale of 14 grams to Melvin Johnson prior the date of the conspiracy charged. Even if true, simply helping a willing buyer locate a willing seller does not establish a conspiracy. Likewise, the evidence for Count Two was based on a phantom seller of non-existent drugs, and no actual attempt ever occurred. (3) Counsel failed to argue that the government and the Court constructively amended the indictment to allow Petitioner to be convicted on proof outside the conduct charged in the indictment. (4) Counsel failed to request a cautionary jury instruction. (5) Counsel failed to effectively cross-examine government witnesses. (6) Counsel failed to challenge the government's improper characterization of the evidence. (7) Counsel failed to challenge the admission of evidence in violation of Petitioner's right to confrontation. (8) Counsel failed to move for a mistrial and for a new trial due to the sleeping juror, and failed to develop a record that the juror was actually sleeping when, in fact, the juror slept for a large portion of the trial.

(b) **Direct Appeal of Ground Two:**

   (1) If you appealed from the judgment of conviction, did you raise this issue?

   Yes ❑   No ☑

   (2) If you did not raise this issue in your direct appeal, explain why:

   Ineffective assistance of counsel.

(c) **Post-Conviction Proceedings:**

   (1) Did you raise this issue in any post-conviction motion, petition, or application?

   Yes ❑   No ☑

   (2) If your answer to Question (c)(1) is "Yes," state:

   Type of motion or petition:  na

   Name and location of the court where the motion or petition was filed:

   na

   Docket or case number (if you know):  na

   Date of the court's decision:

   Result (attach a copy of the court's opinion or order, if available):

   na

   (3) Did you receive a hearing on your motion, petition, or application?

   Yes ❑   No ❑

   (4) Did you appeal from the denial of your motion, petition, or application?

   Yes ❑   No ❑

   (5) If your answer to Question (c)(4) is "Yes," did you raise this issue in the appeal?

   Yes ❑   No ❑

   (6) If your answer to Question (c)(4) is "Yes," state:

   Name and location of the court where the appeal was filed:

   na

   Docket or case number (if you know):  na

   Date of the court's decision:

   Result (attach a copy of the court's opinion or order, if available):

   na

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue:

  na

## GROUND THREE:

Ineffective assistance of counsel during sentencing.

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

Counsel failed to challenge the purity of the alleged methamphetamine used to determine Petitioner's sentence. The indictment in this case charged a "detectable amount of methamphetamine." The evidence in this case did not prove the purity of the methamphetamine involved. In fact, most the alleged methamphetamine was non-existent. However, Petitioner's sentence was determined based on the use of "ice" or pure methamphetamine, which carries a significantly higher sentence. Had counsel raised this issue and properly argued against the use of "ice" to establish Petitioner's guideline level, there is a reasonable probability that the result would have been different and Petitioner's sentence significantly less.

(b) **Direct Appeal of Ground Three:**

(1) If you appealed from the judgment of conviction, did you raise this issue?

  Yes ❑  No ☑

(2) If you did not raise this issue in your direct appeal, explain why:

Ineffective assistance of counsel.

(c) **Post-Conviction Proceedings:**

(1) Did you raise this issue in any post-conviction motion, petition, or application?

  Yes ❑  No ☑

(2) If your answer to Question (c)(1) is "Yes," state:

Type of motion or petition: na

Name and location of the court where the motion or petition was filed:

  na

Docket or case number (if you know): na

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

na

(3) Did you receive a hearing on your motion, petition, or application?

Yes ❑   No ❑

(4) Did you appeal from the denial of your motion, petition, or application?

Yes ❑   No ❑

(5) If your answer to Question (c)(4) is "Yes," did you raise this issue in the appeal?

Yes ❑   No ❑

(6) If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

na

Docket or case number (if you know):  na

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

na

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue:

na

**GROUND FOUR:**

Ineffective assistance of counsel on appeal.

(a)  Supporting facts (Do not argue or cite law.  Just state the specific facts that support your claim.):

(1) Counsel failed to challenge the admission of Petitioner's statements to the CI and following his arrest.  Neither statement was probative or relevant to the charges. (2) Counsel failed to argue that Petitioner's Sixth Amendment right to confrontation was violated.  (3) Counsel failed to argue that Petitioner's sentence was erroneously based on "ice" when the evidence did not support that finding. (4) Counsel failed to argue that a cautionary jury instruction was mandated by controlling precedent. (5) Counsel failed to challenge the government's improper characterization of the evidence.

(b) **Direct Appeal of Ground Four:**

    (1) If you appealed from the judgment of conviction, did you raise this issue?

        Yes ❑ No ✔

    (2) If you did not raise this issue in your direct appeal, explain why:

    Ineffective assistance of counsel.

(c) **Post-Conviction Proceedings:**

    (1) Did you raise this issue in any post-conviction motion, petition, or application?

        Yes ❑ No ✔

    (2) If your answer to Question (c)(1) is "Yes," state:

    Type of motion or petition: na

    Name and location of the court where the motion or petition was filed:
    na

    Docket or case number (if you know): na

    Date of the court's decision:

    Result (attach a copy of the court's opinion or order, if available):

    na

    (3) Did you receive a hearing on your motion, petition, or application?

        Yes ❑   No ❑

    (4) Did you appeal from the denial of your motion, petition, or application?

        Yes ❑   No ❑

    (5) If your answer to Question (c)(4) is "Yes," did you raise this issue in the appeal?

        Yes ❑   No ❑

    (6) If your answer to Question (c)(4) is "Yes," state:

    Name and location of the court where the appeal was filed:

    na

    Docket or case number (if you know): na

    Date of the court's decision:

    Result (attach a copy of the court's opinion or order, if available):

    na

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue:

na

13. Is there any ground in this motion that you have <u>not</u> previously presented in some federal court? If so, which ground or grounds have not been presented, and state your reasons for not presenting them:

Ineffective assistance of counsel.

14. Do you have any motion, petition, or appeal <u>now pending</u> (filed and not decided yet) in any court for the judgment you are challenging?    Yes ❑    No ☑

If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, and the issues raised.

na

15. Give the name and address, if known, of each attorney who represented you in the following stages of the judgment you are challenging:

(a) At preliminary hearing:

A. WAYNE HARRISON

(b) At arraignment and plea:

A. WAYNE HARRISON

(c) At trial:

A. WAYNE HARRISON

(d) At sentencing:

A. WAYNE HARRISON

(e) On appeal:

Seth Neyhart

(f) In any post-conviction proceeding:

na

(g) On appeal from any ruling against you in a post-conviction proceeding:

na

16. Were you sentenced on more than one count of an indictment, or on more than one indictment, in the same court and at the same time?      Yes ☑ No ☐

17. Do you have any future sentence to serve after you complete the sentence for the judgment that you are challenging?      Yes ☐ No ☑

(a) If so, give name and location of court that imposed the other sentence you will serve in the future: na

(b) Give the date the other sentence was imposed:

(c) Give the length of the other sentence:  na

(d) Have you filed, or do you plan to file, any motion, petition, or application that challenges the judgment or sentence to be served in the future?    Yes ☐  No ☑

18. TIMELINESS OF MOTION: If your judgment of conviction became final over one year ago, you must explain why the one-year statute of limitations as contained in 28 U.S.C. § 2255 does not bar your motion.*

> Petitioner's petition for a writ of certiorari was denied on May 31, 2011. As such, Petitioner has 1 year from that date to file his Section 2255 motion. Because Petitioner is filing his 2255 prior to May 31, 2012, Petitioner's motion is timely.

---

* The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") as contained in 28 U.S.C. § 2255, paragraph 6, provides in part that:

> A one-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of —
>> (1) the date on which the judgment of conviction became final;
>> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making such a motion by such governmental action;
>> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

Therefore, movant asks that the Court grant the following relief:

Vacate, set aside, or correct sentence

or any other relief to which movant may be entitled.

_____
na

Signature of Attorney (if any)

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct and that this Motion under 28 U.S.C. § 2255 was placed in the prison mailing system on

5/29/2012     (month, date, year).

Executed (signed) on _____5/29/2012_____ (date).

_____
Clene Johnson

Signature of Movant

If the person signing is not movant, state relationship to movant and explain why movant is not signing this motion.

na