IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| CLEVE ALEXANDER JOHNSON, )<br>)<br>Petitioner, )<br>)<br>v. )<br>)<br>UNITED STATES OF AMERICA, )<br>)<br>Respondent. ) | 1:8CR233-1<br>1:12CV571 |

## ORDER

Petitioner, Cleve Alexander Johnson, a federal prisoner, filed a Motion (Docket Entry 53)* to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. On July 1, 2008, Petitioner and a co-defendant were indicted for (1) conspiracy to distribute methamphetamine in violation of 21 U.S.C. §§ 846 and 841(a)(1), (b)(1)(B) and (2) attempt by Petitioner and the same co-defendant to possess with the intent to distribute methamphetamine in violation of 21 U.S.C. §§ 846, 841(a)(1) and (b)(1)(B). (Docket Entry 8.) Petitioner was convicted after a jury trial on both counts. (Docket Entry 27.) He was sentenced on August 18, 2009 to 200 months of imprisonment. (8/18/2009 Minute Entry; Docket Entry 37.) After an unsuccessful appeal, *United States v. Johnson*, 409 Fed. App'x 688, 692 (4th Cir. 2011), Petitioner filed the instant Motion. Respondent has filed a Response. (Docket Entry 66.) Petitioner was notified of his right to file a reply (Docket Entry 67), however, no reply was filed. The matter is now before the Court for a ruling. *See* Rule 8, Rules Governing Section 2255 Proceedings.

---

* This and all further cites to the record are to the criminal case.

Having reviewed the parties' pleadings, the Court finds that an evidentiary hearing will be required to resolve disputed and material issues of fact. Specifically, Petitioner states:

> Counsel failed to negotiate for a plea agreement or inform Petitioner of the risks associated between proceeding to trial versus pleading guilty, even though Petitioner asked counsel about the possibility of pleading guilty and informed counsel that he was willing to plead guilty to a fair sentence. Had Petitioner been informed of the risks associated between proceeding to trial and pleading guilty, or that by pleading guilty he was eligible for an acceptance of responsibility reduction, Petitioner would have insisted on pleading guilty with or without a plea agreement. As seen by co-defendant Melvin Johnson's judgment, a sentence of approximately 78 months would have been available.

(Docket Entry 53, Ground One.) Thus, Petitioner argues here that counsel failed to provide him with the information necessary to make an informed choice about whether to proceed to trial or to plead guilty, particularly as it relates to acceptance of responsibility.

The Government, in turn, has filed a Response, asserting that this claim lacks merit, along with counsel's affidavit. It states:

> With regard to the process of plea negotiation, it is my distinct recollection that my client was adamant about our taking an aggressive attitude about our intention to plead not guilty. It is my practice in every case to inform the client of the potential sentences based on whether the case is tried before a jury or disposed of by a guilty plea. We did discuss the general range of potential sentences, but Petitioner indicated from the beginning his desire to take his case to trial. At no time, even after the trial began, did Petitioner communicate to me that he wanted to plead guilty, with or without a plea agreement. Because of Petitioner's desire to plead not guilty, I informed the Assistant United States Attorney that the case was for trial. No plea agreement was offered in the case due to Petitioner's decision to dispose of his case by trial.

(Docket Entry 66, Exhibit 1.)

The Supreme Court has recognized the right to "effective counsel during plea negotiations." *Missouri v. Frye*, 132 S.Ct. 1399, 1407-08 (2012); *see Lafler v. Cooper*, 132 S.Ct. 1376, 1384 (2012). "While there is no constitutional right to a plea agreement, and the decision to initiate plea negotiations is ordinarily a strategic decision within the purview of defense counsel, counsel is still required to be a reasonably effective advocate regarding the decision to seek a plea bargain." *United States v. Lopez*, 570 Fed. App'x 291, 292-93 (4th Cir. 2014) (remanding where appellant claimed "district court erred by crediting trial counsel's affidavit over his claims," without holding a hearing or permitting appellant to swear to his own claims) (citations and quotations omitted).

Additionally, "[o]ne of the most important duties of an attorney representing a criminal defendant is advising the defendant about whether he should plead guilty." *United States v. Herrera*, 412 F.3d 577, 580 (5th Cir. 2005). *See, e.g., United States v. Havens*, 450 Fed. App'x 363, 364-65 (5th Cir. 2011) (finding contested issues of fact on § 2255 movant's claim that counsel was ineffective for "failing to advise him regarding the benefits of pleading guilty"); *United States v. Chavez*, Cr. No. C–03–196, 2007 WL 2688503, at *5 (S.D. Tex. 2007) (setting evidentiary hearing on § 2255 movant's ineffectiveness claim where there was conflicting evidence about counsel's sentencing exposure advice and where guilty plea would likely have resulted in "some credit for acceptance of responsibility, resulting in a lower guideline range").

Here, the sworn statements of the parties have created a material factual dispute concerning whether Petitioner had the information necessary to make an informed decision about whether to plead guilty (with or without a plea agreement) or go to trial. Counsel says

that he provided Petitioner the necessary information, including an accurate assessment of sentencing exposure; Petitioner says he did not, and specifically asserts that he was unaware that he might benefit at sentencing by accepting responsibility for the charged crimes. The parties also dispute whether counsel provided reasonably effective advocacy regarding whether to seek a plea bargain. Therefore, an evidentiary hearing will be required to resolve these issues and decide the ultimate question of ineffective assistance of counsel, and Petitioner ultimately bears the burden of establishing this claim. *Spencer v. Murray*, 18 F.3d 229, 233 (4th Cir. 1994) ("Just as the petitioner carries the burden of proving that counsel's performance was deficient, the petitioner also carries the burden of affirmatively proving that prejudice resulted from counsel's deficient performance.").

For reasons set forth above, **IT IS ORDERED** that an evidentiary hearing be held before the undersigned on **Wednesday, August 5, 2015 at 9:30am** in **Durham** on the issues addressed above and only on those issues. The Government is responsible for producing Petitioner at said hearing.

**IT IS FURTHER ORDERED** that Attorney Helen Parsonage, is hereby appointed to represent Petitioner at the evidentiary hearing.

United States Magistrate Judge
Joe L. Webster

June 2, 2015
Durham, North Carolina